UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | |
| v. | 08 Civ. 6560 (LAP/THK)<br><br>ECF CASE |
| OPTIVER US, LLC, OPTIVER HOLDING BV, OPTIVER VOF, CHRISTOPHER DOWSON, BASTIAAN VAN KEMPEN, AND RANDAL MEIJER | |
| Defendants. | |

### FINAL CONSENT ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER RELIEF AS TO DEFENDANTS OPTIVER US, LLC, OPTIVER HOLDING BV, OPTIVER VOF, CHRISTOPHER DOWSON, BASTIAAN VAN KEMPEN, AND RANDAL MEIJER

On July 24, 2008, Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") filed a Complaint against Optiver US, LLC ("Optiver US"), Optiver Holding BV, Optiver VOF, Christopher Dowson ("Dowson"), Bastiaan van Kempen ("van Kempen"), and Randal Meijer ("Meijer") (collectively "Defendants"). The Complaint seeks statutory and equitable relief, including permanent injunctions and a civil monetary penalty, for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2002).

The CFTC and the Defendants have informed the Court that they are prepared to settle this action, on the terms and conditions set forth below.

## I.   CONSENTS AND AGREEMENTS

1. To effect settlement of the matters alleged in the Complaint in this action prior to a trial on the merits or further judicial proceedings, each Defendant:

   a. Consents to the entry of this Final Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Relief ("Order");

   b. Affirms that the Defendant has read and agreed to this Order voluntarily, and that no threat or promise other than as set forth specifically herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order;

   c. Acknowledges service upon it or him of the Summons and Complaint in this action;

   d. Consents to the jurisdiction of the Court in this action;

   e. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

   f. Waives:

      i. Any and all claims that the Defendant may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Commission's Regulations ("Regulations"), 17 C.F.R. §§ 148.1 et seq. (2010), relating to, or arising from, this action;

      ii. Any and all claims that the Defendant may possess under the Small Business Regulatory Enforcement Fairness Act, 1996 HR 3136, Pub. L. 104-121, §§ 201- 253, 110 Stat. 847, 857-68 (1996), as amended by Pub. L. No. 110-28, 121 Stat. 112. 204-205 (2007), relating to, or arising from, this action;

2

      iii. Any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

      iv. All rights of appeal in this action;

g. Agrees that the Defendant will not oppose enforcement of this Order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objections based thereon;

h. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order, to assure compliance with this Order, and for any other purposes relevant to this action, even if the Defendant now or in the future resides outside the jurisdiction; and

i. Agrees that neither the Defendant nor any of its or his agents or employees under its or his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect the Defendant's (i) testimonial obligations; or (ii) right to take positions in other proceedings to which the Commission is not a party. Each Defendant shall take all steps necessary to ensure agents and employees under that Defendant's authority or control comply with this provision.

2. By consenting to the entry of this Order, Defendants neither admit nor deny the allegations contained in the Complaint, except as to jurisdiction and venue, which Defendants admit for purposes of settlement of this action. Defendants do not consent to the use of the

allegations of the Complaint as the sole basis for any other proceeding brought by the CFTC, other than: any proceeding to enforce the terms of this Order; and/or any proceeding in bankruptcy filed by or against any of the Defendants. Each Defendant agrees that the allegations of the Complaint shall be taken as true and correct and be given preclusive effect, without further proof, solely in: (a) any proceeding to enforce this Order; and/or (b) any proceeding in bankruptcy filed by or against any of the Defendants.

## II.   ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1.      Defendants are permanently restrained, enjoined and prohibited from directly or indirectly engaging in any conduct that violates Sections 6(c), 6(d) and 9(a)(2) of the Act, 7 U.S.C. §§9, 13b and 13(a)(2)(2006), by manipulating or attempting to manipulate the price of any commodity in interstate commerce or for future delivery on or subject to the rules of a registered entity.

2.      Defendants Optiver US and van Kempen are further permanently restrained, enjoined and prohibited from directly or indirectly engaging in any conduct that violates Section 9(a)(4) of the Act, 7 U.S.C. §§ 13(a)(4)(2006), by willfully falsifying, concealing, or covering up by any trick, scheme, or artifice a material fact, making any false, fictitious, or fraudulent statements or representations, or making or using any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry to a registered entity, board of trade or futures association designated or registered under the Act acting in furtherance of its official duties under the Act.

3.      The injunctive provisions of this Order shall be binding on Defendants, upon any person acting in the capacity of agent, servant, or employee of Defendants, and upon any person

who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Defendants.

### III. ORDER FOR CIVIL MONETARY PENALTY AND OTHER ANCILLARY RELIEF

**IT IS HEREBY ORDERED THAT:**

1. Defendants shall pay a joint and several civil monetary penalty in the amount of $13,000,000 (thirteen million dollars), pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (the "CMP Obligation") to be paid within ten days from entry of this Order, provided the joint and several liability of each individual Defendant is capped at the amounts listed below:

   | | |
   |---|---|
   | Dowson | $1,750,000 (one million seven hundred fifty thousand dollars) |
   | Meijer | $1,250,000 (one million two hundred fifty thousand dollars) |
   | van Kempen | $400,000 (four hundred thousand dollars) |

2. Should Defendants not satisfy the CMP Obligation within ten days of the date of entry of this Order, post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3. Defendant Optiver US shall pay disgorgement in the amount of $1,000,000 (one million dollars). Should Optiver US not satisfy its disgorgement obligation within ten (10) days of the date of entry of this Order, post-judgment interest shall accrue on the disgorgement obligation beginning on the date of entry of this Order and will be calculated using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4. Defendants shall pay the CMP Obligation and disgorgement by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If

payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables—AMZ340
> E-mail Box: 9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

If payment by electronic transfer is chosen, Linda Zurhorst or her successor should be contacted for instructions. The paying Defendant shall accompany payment of the CMP Obligation and/or disgorgement with a cover letter that identifies the Defendant and the name and docket number of this proceeding. The paying Defendant shall simultaneously transmit copies of the cover letter and the form of payment to: (1) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (3) Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 140 Broadway, 19th Floor, New York, NY 10005.

## IV.  UNDERTAKINGS

**IT IS HEREBY ORDERED** that Defendant Optiver US shall comply fully with the following conditions and undertakings for a period of two (2) years from entry of this Order.

1.  Optiver US shall institute, update and strengthen policies and procedures designed to detect, deter, discipline, and correct potential violations of the Act and CFTC Regulations, including but not limited to reviews of trading desks; prompt and direct

6

reports to, and investigation by, compliance or legal personnel concerning any unusual or unlawful activity; and policies and procedures requiring periodic review of electronic communications, including concerning the opening and closing periods of markets on futures contracts.

2. Optiver US shall ensure that compliance personnel have experience and knowledge of commodity futures and options trading, regulation and compliance.

3. Optiver US shall enhance and continue to provide mandatory training programs, updated annually, addressing the ethics, compliance and legal requirements of the Act and CFTC Regulations, including manipulative trading practices and indicators of such practices to be given to Defendant Optiver US's professional staff, including all directors, officers, managers, traders, associated persons under the U.S. securities and commodities laws, compliance personnel, and employees involved in any aspect of Defendant Optiver US's commodity and/or commodity derivatives businesses. Such training programs will be provided within 120 days of the date of the employee's start date in one of the aforementioned positions and on an annual basis thereafter while these undertakings are in effect. Defendant Optiver US will create and maintain documentation that the required individuals noted above have fulfilled their compliance training.

4. Optiver US will implement a policy requiring that any employee, principal, officer or person communicating on behalf of Optiver US in writing (e.g., text messages, facsimile, chat, Instant Messaging, electronic mail) concerning Optiver US's non-equity trading, transactions, prices and/or trading strategies in a market regulated by the Commission will use digital or electronic media which is recorded and maintained by Optiver US. Defendant Optiver US will record and maintain a record of all such

communications for a period of at least two (2) years unless otherwise required to be retained for five (5) years pursuant to CFTC Regulation 1.31.

5. Optiver US shall submit a report to the Commission's Division of Enforcement within 120 days of entry of this Order. The report shall include the steps taken to comply and the results of its compliance with the above undertakings, including a detailed description of internal controls, policies and procedures formulated and implemented.

6. Optiver US shall inform all current and future employees, principals and officers of the limitations on trading to which Optiver US has agreed in Part V of this Order during the period of such limitations.

## V. LIMITATION ON TRADING

Defendants have offered and agreed to limit their trading as follows:

1. Pursuant to its offer, Defendant Optiver US, upon entry of this Order, will not directly or indirectly initiate trades that permit execution of futures contracts or options on futures contracts (including TAS contracts) in Crude Oil, Heating Oil or New York Harbor Gasoline (the "Commodities"), on or subject to the rules of any registered entity as that term is defined in section 1a of the Act, 7 U.S.C. 1a (2006) from three minutes before the beginning of the closing period for trading until the end of the closing period for trading of those Commodities for a period of two (2) years from the date of the entry of this Order. Optiver US will communicate this limitation to others acting on its behalf.

2. Pursuant to his offer, Defendant Dowson, upon the date of entry of this Order and for a period of eight (8) years thereafter, will not directly or indirectly engage in: (a) trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, 7

8

U.S.C. § 1a (2006) for himself or for or on behalf of any other person or entity, whether by power of attorney or otherwise; (b) entering into any commodity futures transactions and/or options on commodity futures transactions for his personal account, for any account for which he has a direct or indirect interest and/or having any commodity futures and/or options on commodity futures traded on his behalf; (c) controlling, engaging in, or directing the trading for any commodity futures, options on commodity futures and/or commodity options accounts for himself or for or on behalf of any other person or entity, whether by power of attorney or otherwise; (d) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures contracts and/or options on commodity futures contracts; (e) using, or participating in any manner in, any market regulated by the Commission; and (f) provided further, however, that subsections (b) through (d) only apply to agreements, accounts, contracts, and transactions that are subject to the jurisdiction of the Commission.

    3.     Pursuant to his offer, Defendant Meijer, upon the date of entry of this Order and for a period of four (4) years thereafter, will not directly or indirectly engage in: (a) trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2006) for himself or for or on behalf of any other person or entity, whether by power of attorney or otherwise; (b) entering into any commodity futures transactions and/or options on commodity futures transactions for his personal account, for any account for which he has a direct or indirect interest and/or having any commodity futures and/or options on commodity futures traded on his behalf; (c) controlling, engaging in, or directing the trading for any commodity futures, options on commodity futures and/or commodity options accounts for himself or for or on behalf of any other person or entity, whether by power of attorney or otherwise; (d) soliciting, receiving, or accepting any funds from any person for the purpose of

9

purchasing or selling any commodity futures contracts and/or options on commodity futures contracts; (e) using, or participating in any manner in, any market regulated by the Commission; and (f) provided further, however, that subsections (b) through (d) only apply to agreements, accounts, contracts, and transactions that are subject to the jurisdiction of the Commission.

4.   Pursuant to his offer, Defendant van Kempen, upon the date of entry of this Order and for a period of two (2) years thereafter, will not directly or indirectly engage in: (a) trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2006) for himself or for or on behalf of any other person or entity, whether by power of attorney or otherwise; (b) entering into any commodity futures transactions and/or options on commodity futures transactions for his personal account, for any account for which he has a direct or indirect interest and/or having any commodity futures and/or options on commodity futures traded on his behalf; (c) controlling, engaging in, or directing the trading for any commodity futures, options on commodity futures and/or commodity options accounts for himself or for or on behalf of any other person or entity, whether by power of attorney or otherwise; (d) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures contracts and/or options on commodity futures contracts; (e) using, or participating in any manner in, any market regulated by the Commission; and (f) provided further, however, that subsections (b) through (d) only apply to agreements, accounts, contracts, and transactions that are subject to the jurisdiction of the Commission.

## VI.   MISCELLANEOUS PROVISIONS

1.   <u>Notices.</u> All notices required by this Order shall be sent by certified mail, return receipt requested, or by facsimile, as follows:

   a. Notice to Plaintiff:

   Division of Enforcement

       Commodity Futures Trading Commission
       140 Broadway, 19th Floor
       New York, New York 10005
       Fax: (646) 746-9940

  b. Notice to Optiver Defendants:

       c/o Paul Dengel
       Stacie R. Hartman
       Schiff Hardin LLP
       233 South Wacker Drive
       Suite 6600
       Chicago, IL 60606
       Fax: (312) 258-5600

  c. Notice to Defendant Dowson:

       c/o David S. Rosenbloom
       McDermott Will & Emery
       227 West Monroe Street
       Chicago, IL 60606
       Fax: (312) 984-7700

  d. Notice to Defendant Meijer:

       c/o John Gallo
       Sidley Austin, LLP
       One South Dearborn
       Chicago, Illinois 60603
       Fax: (312) 853-7036

  e. Notice to Defendant van Kempen:

       c/o Patrick Collins
       Pravin Rao
       Perkins Coie
       131 South Dearborn Street
       Suite 1700
       Chicago, IL 60603
       Fax: (312) 324-9400

2.        <u>Successors and Assigns</u>. This Order shall inure to the benefit of and be binding on Defendants' successors, assigns, heirs, beneficiaries and administrators. Nothing in this

Order shall be construed to confer any rights on any third parties or to inure to the benefit of any third parties.

3. <u>Counterparts</u>. This Order may be executed by the parties in counterparts and by facsimile.

4. <u>Entire Agreement, Amendments and Severability</u>. This Order incorporates all of the terms and conditions of the settlement among Plaintiff and Defendants. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.

5. <u>Invalidation</u>: If any provision of this Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

6. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

7. <u>Acknowledgments</u>: Defendants understand and acknowledge that this Order must be accepted and ratified by the Commission before it becomes final.

8. <u>Continuing Jurisdiction of this Court</u>: The Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

9. <u>Authority</u>:  a) Optiver US – the person executing this Order on behalf of Optiver US represents, warrants and covenants that he/she is a corporate representative of Optiver US, that this Order has been duly authorized by Optiver US and that he/she has been duly empowered to sign and submit it on behalf of Optiver US; b) Optiver Holding BV – the

person executing this Order on behalf of Optiver Holding BV represents, warrants and covenants that he/she is a corporate representative of Optiver Holding BV, that this Order has been duly authorized by Optiver Holding BV and that he/she has been duly empowered to sign and submit it on behalf of Optiver Holding BV; and c) Optiver VOF – the person executing this Order on behalf of Optiver VOF represents, warrants and covenants that he/she is a corporate representative of Optiver VOF, that this Order has been duly authorized by Optiver VOF and that he/she has been duly empowered to sign and submit it on behalf of Optiver VOF.

Consented to and
Approved for Entry by:

Dated: _____, 201_

          Paul Dengel
          Stacie R. Hartman
          Schiff Hardin LLP
          233 South Wacker Drive
          Suite 6600
          Chicago, IL 60606
          Attorneys for Optiver US, LLC, Optiver VOF, Optiver Holding BV

Dated: March 9, 2012

          *[signature]*
          for Optiver US, LLC

Dated: _____, 201_

          for Optiver Holding BV

Dated: _____, 201_

          for Optiver VOF

13

person executing this Order on behalf of Optiver Holding BV represents, warrants and covenants that he/she is a corporate representative of Optiver Holding BV, that this Order has been duly authorized by Optiver Holding BV and that he/she has been duly empowered to sign and submit it on behalf of Optiver Holding BV; and c) Optiver VOF – the person executing this Order on behalf of Optiver VOF represents, warrants and covenants that he/she is a corporate representative of Optiver VOF, that this Order has been duly authorized by Optiver VOF and that he/she has been duly empowered to sign and submit it on behalf of Optiver VOF.

Consented to and
Approved for Entry by:

Dated: March 19, 2012

_____
Paul Dengel
Stacie R. Hartman
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
Attorneys for Optiver US, LLC, Optiver VOF,
Optiver Holding BV

Dated: _____, 201_

_____
for Optiver US, LLC

Dated: 6 March 2012

_____
for Optiver Holding BV

Dated: 7 March, 2012

_____
for Optiver VOF

13

Dated: _____, 201\_

David S. Rosenbloom
McDermott Will & Emery
227 West Monroe Street
Chicago, IL  60606
Fax: (312) 984-7700
Attorney for Christopher Dowson

Dated: _____, 201\_

_____
Christopher Dowson

Dated: _____, 201\_

Patrick Collins
Pravin Rao
Perkins Coie
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
Fax: (312) 324-9400
Attorneys for Bastiaan van Kempen

Dated: _____, 201\_

_____
Bastiaan van Kempen

Dated: _____, 201\_

John Gallo
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
Fax: (312) 853-7036
Attorney for Defendant Randal Meijer

Dated: _14- 03_, 2012

_/s/ Randal Meijer_
Randal Meijer

Dated: _____, 201_

David S. Rosenbloom
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606
Fax: (312) 984-7700
Attorney for Christopher Dowson

Dated: _____, 201_

Christopher Dowson

Dated: _____, 201_

Patrick Collins
Pravin Rao
Perkins Coie
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
Fax: (312) 324-9400
Attorneys for Bastiaan van Kempen

Dated: _____, 201_

Bastiaan van Kempen

Dated: 3/27, 2012

John Gallo
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
Fax: (312) 853-7036
Attorney for Defendant Randal Meijer

Dated: _____, 201_

Randal Meijer

14

Dated: _____, 201_

_____
David S. Rosenbloom
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606
Fax: (312) 984-7700
Attorney for Christopher Dowson

Dated: _____, 201_

_____
Christopher Dowson

Dated: 3/28, 2012

_____
Patrick Collins
Pravin Rao
Perkins Coie
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
Fax: (312) 324-9400
Attorneys for Bastiaan van Kempen

Dated: 5/15, 2012

_____
Bastiaan van Kempen

Dated: _____, 201_

_____
John Gallo
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
Fax: (312) 853-7036
Attorney for Defendant Randal Meijer

Dated: _____, 201_

_____
Randal Meijer

14

Dated: 3/27, 2012

_____
David S. Rosenbloom
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606
Fax: (312) 984-7700
Attorney for Christopher Dowson

Dated: _____, 201_

_____
Christopher Dowson

Dated: _____, 201_

_____
Patrick Collins
Pravin Rao
Perkins Coie
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
Fax: (312) 324-9400
Attorneys for Bastiaan van Kempen

Dated: _____, 201_

_____
Bastiaan van Kempen

Dated: _____, 201_

_____
John Gallo
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
Fax: (312) 853-7036
Attorney for Defendant Randal Meijer

Dated: _____, 201_

_____
Randal Meijer

14

Dated: April 17, 2012

/s/ David Meister
David Meister
Director, Division of Enforcement
Vincent A. McGonagle
Senior Deputy Director
Manal Sultan
Chief Trial Attorney
David Acevedo
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING
COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9761
(646) 746-9940 (facsimile)
Attorneys for Plaintiff

This Consent Order fully and finally resolves all claims and allegations brought by the CFTC against Defendants in this action. There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Relief.

**SO ORDERED** at New York, New York this 19th day of April, 2012.

/s/ Loretta A. Preska
Loretta A. Preska
United States District Judge

15